[Cite as *In re A.F.*, 2022-Ohio-4614.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

A. F.

Neglected/dependent child

JUDGES:
Hon. Earle E. Wise, Jr., P.J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. 2022 AP 09 0027

O P I N I O N

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20 JN 00219

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: December 19, 2022

APPEARANCES:

For Appellant Mother

LISA CALDWELL
ASSISTANT PUBLIC DEFENDER
153 North Broadway
New Philadelphia, Ohio 44663

Guardian Ad Litem

KAYLA MASZCZAK
401 Tuscarawas Street West, Suite 201
Canton, Ohio 44702

For Appellee TCJFS

JEFFREY M. KIGGANS
TCJFS
389 16th Street, SW
New Philadelphia, Ohio 44663

*Wise, John, J.*

{¶1}   Appellant-Mother D.F. appeals the August 15, 2022, Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges and responsibilities with respect to her minor child, A.F., and granted permanent custody of the child to Appellee Tuscarawas County Job and Family Services.

{¶2}   This case comes to us on the expedited calendar and shall be considered in compliance with App R. 11.2(C).

STATEMENT OF THE CASE AND FACTS

{¶3}   Appellant-Mother D.F. is the biological parent of A.F. (dob 9/11/2020). At the birth of A.F. the biological father was thought to be N.L. It was later learned the father of A.F. is J.G. Father chose not to participate in this case, and he is not a party to this appeal.

{¶4}   On September 16, 2020, A.F. was removed and placed in the custody of TCJFS due to Mother's use of amphetamines and methamphetamines prior to the child's birth.

{¶5}   On September 17, 2020, a Shelter Care hearing was held to determine whether the child should be held in substitute care. TCJFS alleged that there were reasonable grounds to hold the child in substitute care, and that the best interest of the child would be served by this placement. There were concerns of Mother's use of amphetamine and methamphetamine and her lack of prenatal care. It was determined at the hearing that Mother's drug screen was negative for all substances, and she was given supervised visitation with the child at TCJFS.

**{¶6}** On September 18, 2020, Tuscarawas County Job and Family Services (TCJFS) filed a Complaint alleging abuse, dependency and neglect as to the minor child, A.F.

**{¶7}** On October 7, 2020, Mother tested positive for amphetamines and methamphetamines. A case plan was approved with the goal of reunification. Mother was to maintain safe and appropriate housing and sufficient income, complete a psychological assessment and follow all recommendations, complete a parenting program, complete a drug and alcohol assessment, submit to random drug screens, and sign all necessary releases.

**{¶8}** On November 9, 2020, an adjudication hearing was held. Mother stipulated to the Complaint as written, and the court accepted her stipulation finding A.F. to be neglected and dependent. It was ordered that A.F. be placed in the temporary custody of TCJFS pursuant to R.C. §2151.353(A)(2). The matter proceeded to immediate disposition.

**{¶9}** The case plan presented by TCJFS was adopted and made an order of the court. It was further ordered that a home study for the residence of Coretta H., Mother's sister, be conducted in the state of New York and to furnish those results to the court.

**{¶10}** The home evaluation of Coretta H. took place on January 25, 2021 and was conducted by New York Social Worker Rita Martinez. Ms. Martinez determined that the home was an appropriate placement for child, and Coretta H. was more than willing to have her niece, A.F., in her home.

**{¶11}** On April 26, 2021, the home study on Coretta H. was completed and filed with the court.

**{¶12}** On May 24, 2021, a hearing was held on TCJFS' Motion to Request Review of the Home Study and to Modify Disposition. TCJFS moved the court to review the home study of Coretta H. and to place A.F. into her temporary custody under the protective supervision of TCJFS.

**{¶13}** The court found it was in the best interest of the child to grant the Motion to Modify Prior Disposition and ordered A.F. to be placed in the Temporary Custody of Coretta H. under Protective Supervision pursuant to R.C. §2151.353(A)(1) and amended the Case Plan. Mother agreed with this placement. The matter was set for an Annual Review on September 13, 2021.

**{¶14}** On August 16, 2021, TCJFS filed a Motion to Extend the case for a six-month period. In support of their request, TCJFS stated "the child has been placed into the temporary custody of maternal aunt Coretta [H.] in New York in June of this year. This additional time is needed to monitor this placement." Further, the Motion stated "Mother [D.F.] has struggled with maintaining her sobriety during this case. [D.F.] has moved to New York as well recently. Obviously, it will be very difficult to monitor [D.F.'s] sobriety while she resides in New York."

**{¶15}** On September 13, 2021, the matter came for Annual Review and hearing on the Motion to Extend. Mother appeared at the hearing via the court's video conferencing system, as she was now living in Brooklyn, New York to be near A.F. The court found it was in the best interest of A.F. to grant the Motion to Extend. A.F. remained in the temporary custody of Coretta H. under the protective supervision of TCJFS. It was further ordered that Mother have visitation with A.F. supervised by the custodian, as acceptable to custodian. The court also made the following finding of fact regarding

reasonable efforts made by TCJFS pursuant to Ohio Revised Code 2151.419(B): "TCJFS has been unable to confirm that [D.F.] has been drug free."

{¶16} On October 28, 2021, TCJFS moved the Court for an Emergency Ex Parte Pick Up Order of Child when Coretta H. informed TCJFS that she could no longer care for A.F., as she had not been employed for two months. Coretta H. asked for TCJFS to return A.F. to Ohio to the previous foster parents. At that time, Mother was visiting with A.F. at Coretta H.'s residence. TCJFS requested the court to order New York law enforcement and child welfare to aid in its execution of the Order, and it was so Ordered.

{¶17} On October 29, 2021, a Shelter Care hearing was ordered to determine whether A.F. should be held in substitute care pending further order of the Court. Mother did not attend this hearing, as TCJFS was not able to contact her. Also, there was no known phone number for Mother in the Agency's record.

{¶18} In the Judgment Entry dated November 2, 2021, the court found emergency circumstances existed at the time of removal of A.F., and that the best interests of the child were served by the decision. It was further ordered that there would be no visitation or contact between Mother and A.F. until further court order.

{¶19} In February, 2022, TCJFS filed a Motion to Modify Prior Disposition to Permanent Custody. The motion stated "Since [Mother] has been in NY there has been no updates on her progress." Mother was told by TCJFS she would need to get back into a drug and alcohol program since her last screen with the Agency on 04-08-2020 was positive. Mother told the Agency she could not find a drug and alcohol program and asked her caseworker to find one for her.

**{¶20}** The caseworker did not have an address on file for Mother, despite her requests for Mother to provide her with address information and services progress. Mother reported she was drug screened at her place of employment, but the caseworker was not provided information of where Mother was working. TCJFS concluded that Mother had not alleviated the concerns that led to A.F.'s removal; her sobriety was unknown, it was unknown whether she was employed and financially able to take care of A.F., and it was unknown whether Mother had safe and appropriate housing. The hearing for the motion filed by TCJFS was scheduled for April 14, 2022.

**{¶21}** On April 13, 2022, Mother filed a Motion to Extend Temporary Custody to TCJFS, asserting that her communications to TCJFS regarding her personal information and progress was not being clearly communicated to the Agency. Mother's motion was scheduled to be heard on April 14, 2022, at the same hearing as the motion for permanent custody filed previously by TCJFS.

**{¶22}** On April 14, 2022, the trial court found the hearing set for TCJFS Motion to Modify Prior Disposition to Permanent Custody could not go forward as Mother had not been properly served. Subsequently, Mother's Motion to Extend Temporary Custody to TCJFS was denied. A new hearing date was ultimately scheduled for August 11, 2022.

**{¶23}** On August 11, 2022, a hearing on the Motion for Permanent Custody went forward with the court hearing testimony from one witness: Erica Dalton, the ongoing caseworker in this matter. Also present in the courtroom were Attorney Gerald Latanich and Attorney Lisa Caldwell, representing Appellant-Mother, who was not present; Guardian ad Litem, Attorney Kayla Maszczak; and Attorney Jeffrey Kiggans for TCJFS.

**{¶24}** At the hearing, Ms. Dalton testified the facts as set forth above.

**{¶25}** By Judgment Entry issued August 15, 2022, the trial court granted permanent custody of A.F. to TCJFS

**{¶26}** It is from this entry Appellant-Mother appeals, assigning the following as error:

## **ASSIGNMENT OF ERROR**

**{¶27}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING PERMANENT CUSTODY TO TUSCARAWAS COUNTY JOB AND FAMILY SERVICES AS THE AGENCY FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT CHILD COULD NOT BE PLACED WITH MOTHER WITHIN A REASONABLE TIME WHEN IT FAILED TO TAKE THE REASONABLE EFFORTS REQUIRED BY LAW TO EXPLORE THE POSSIBILITY OF TRANSFERRING TEMPORARY CUSTODY TO THE APPROPRIATE AGENCY IN MOTHER'S COUNTY OF RESIDENCE IN BROOKLYN, NEW YORK."

I.

**{¶28}** In her sole assignment of error, Appellant-Mother contends the trial court erred in finding her minor child could not be placed with her in a reasonable amount of time and failed to make reasonable efforts to transfer temporary custody to a New York agency. We disagree.

**{¶29}** R.C. §2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. §2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶30} Following the hearing, R.C. §2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶31} In determining the best interest of the child at a permanent custody hearing, R.C. §2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶32} Therefore, R.C. §2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C.

§2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

**{¶33}** If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. §2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. §2151.414(E)(1) through (16) exist with respect to each of the child's parents.

**{¶34}** As set forth in our statement of the facts and case, *supra*, we find there was competent, credible evidence Appellant-Mother failed to remedy the problems which caused the removal of A.F. from the home, those problems being drug and alcohol use and lack of stability of housing and employment. Appellant-Mother also failed to appear at the permanent custody hearing.

**{¶35}** With regard to the first prong of R.C. §2151.414, the trial court found by clear and convincing evidence that the Father, J.G., has abandoned A.F. He has stated that he does not want to be involved in the life of the child. He has not visited or contacted the child. R.C. §2151.414 (E)(4) and R.C. §2151.414 (E)(10).

**{¶36}** The trial court also found that Mother has failed to remedy the conditions that caused the removal of A.F. despite reasonable case planning and diligent efforts by Tuscarawas County Job and Family Services. R.C. §2151.414(E)(1). Further, Mother has not had any contact with the child since late October, 2021, to the present. The court found that such demonstrates a lack of commitment to this child. R.C. §2151.414 (E)(4).

**{¶37}** With respect to the best interest finding, the evidence revealed the child was removed at birth and over a two-year period neither parent has had custody or care of the child. A.F. has no bond with either parent. There are no relatives willing to accept custody and neither parent can provide a legally secure placement. The child is not yet two years old and cannot disclose her wishes. A.F. is in need of a legally secure, permanent placement. A.F. has a strong bond with foster care givers who wish to adopt this child. The Guardian ad Litem recommends permanent custody.

**{¶38}** Based upon the foregoing, we find the trial court's findings that A.F. could not be placed with Mother within a reasonable time and an award of permanent custody was in the child's best interest, were not against the manifest weight of the evidence and were based upon sufficient evidence. We further find the trial court did not abuse its discretion in granting permanent custody to TCJFS.

*Reasonable Efforts*

**{¶39}** Mother also argues that the trial court erred in finding that the Agency made reasonable efforts "to explore the possibility of transferring temporary custody to the appropriate agency in Mother's county of residence in Brooklyn, New York."

**{¶40}** Pursuant to R.C. §2151.419, the agency that removed the child from the home must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it possible for the child to return home safely. The statute assigns the burden of proof to the agency to demonstrate it has made reasonable efforts.

**{¶41}** However, R.C. §2151.419 does not apply in a hearing on a motion for permanent custody filed pursuant to R.C. 2151.413 and 2151.414. *In re C.F.,* 113 Ohio

St.3d 73, 81, 2007-Ohio-1104, 862 N.E.2d 816, (Citation omitted). Therefore, the trial court was not required to make a specific finding that GCCS had made reasonable efforts to reunify the family. In *In re C.F., supra,* the court also stated that this does not mean that the agency is relieved of the duty to make reasonable efforts,

> At various stages of the child-custody proceeding, the agency may be required under other statutes to prove that it has made reasonable efforts toward family reunification. To the extent that the trial court relies on 2151.414(E)(1) at a permanent custody hearing, the court must examine the reasonable case planning and diligent efforts by the agency to assist the parents' when considering whether the child cannot and should not be placed with the parent within a reasonable time.

**{¶42}** *Id.* at paragraph 42.

**{¶43}** The Ohio Supreme Court has held that the trial court is not obligated by R.C. 2151.419 to make a determination that the agency used reasonable efforts to reunify the family at the time of the permanent custody hearing unless the agency has not established that reasonable efforts have been made prior to that hearing. *See In re C.F.,* 113 Ohio St.3d 73, 2007–Ohio–1104, 862 N.E.2d 816, ¶¶ 41; 43. *See, also,* R.C. 2151.419. The trial court is only obligated to make a determination that the agency has made reasonable efforts to reunify the family at "adjudicatory, emergency, detention, and temporary-disposition hearings, and dispositional hearings for abused, neglected, or dependent children, all of which occur prior to a decision transferring permanent custody to the state." *In re C.F.,* ¶ 41.

**{¶44}** A review of the record indicates at multiple review hearings, the trial court found that the Agency utilized reasonable efforts to reunify the family. No objections were raised to these findings. Therefore, the showing of reasonable efforts was not required to be proven by the state or found by the trial court during the permanent custody hearing. *In re J.J.F.,* 5th Dist. Stark No. 2009-CA-00133, 2009-Ohio-4736, ¶ 26.

**{¶45}** Further, we find no evidence in the record that Mother ever made a request for such at transfer.

**{¶46}** Appellant-Mother's sole assignment of error is overruled.

**{¶47}** The judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Gwin, J., concur.

JWW/ kw 1214